**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**

**Case No. 6:24-cr-56-JA-LHP**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**LUIS MIGUEL PLAZA,**

**Defendant.**
______________________________/

**NOTICE OF INELIGIBILITY FOR 821 AMENDMENT SENTENCE REDUCTION AND COURT APPOINTED COUNSEL'S MEMORANDUM OF LAW REGARDING ANY POTENTIAL SENTENCE REDUCTION, PURSUANT TO AMENDMENT 821 OF THE SENTENCING GUIDELINES**

**COMES NOW** the Defendant, **Luis Miguel Plaza**, by and through undersigned counsel, having been appointed under the Criminal Justice Act, to review whether or not the Defendant is eligible for a sentence reduction, pursuant to Amendment 821 of the United States Sentencing Guidelines. The defense states as follows:

1. On March 6th, 2024, a three count Indictment was returned against the Defendant. (R-18) Note, on July 19th, 2024, the United States filed a Motion to Correct a Scriveners error in the Indictment. (R-43)

2. On July 23rd, 2024, the District Court issue an Order to Correct a Scrivener's error in the Indictment. (R-45)
3. On November 13th, 2024, a Judgment in a Criminal Case was issued by the United States District Court for the Middle District of Florida. (R-64)
4. The Statement of Reasons in this case states on page 1: *"One or more counts of conviction carry a mandatory minimum term of imprisonment of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term."* (R-65, p. 1) Also, the Statement of Reasons notes: *"The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months."* (R-65, p. 2) Finally, the Statement of Reasons notes that the Title 18 U.S.C. Section 3553 sentencing factors were considered when the District Court sentenced the defendant to a guideline sentence of 120 months. (R-65, p. 4)
5. The Defendant was sentenced to a term of imprisonment of 10 years on Counts 1, 2, and 3. The sentence on each count is concurrent. (R-64)

6. United States Supervisory Probation Officer Amanda L. Henry wrote a memorandum, regarding any potential sentence reduction, pursuant to Amendment 821 of the United States Sentencing Guidelines. In the memorandum, in Section, Ineligibility, page 2, United States Probation noted that: *"The defendant previously received a two-level reduction pursuant to USSG [Section] 4C1.1 at the time of sentencing".*

7. In the final pre-sentence report, United States Probation wrote, in paragraph # 41: *"The defendant meets the criteria at USSG [Section] 4C1.1(a)(1)-(10). Therefore, the defendant is a Zero-Point Offender, and the offense level is reduced by two levels. USSG [Section] 4C1.1(a) and (b).* (R-57)

8. Additionally, in the Final pre-sentence report, the Defendant's guideline range was found to be a Category I Criminal History, offense level 29, with a sentencing guideline range of 87 months to 108 months. (R-60, PSR, paragraph # 74) However, the statutorily authorized minimum sentence is 10 years or 120 months. Therefore, the minimum guideline sentence was 120 months. Section 5G1.2(b). (R-60, PSR, paragraph #74)

9. Notably, the Defendant made no objections to the Initial pre-sentence report. The Addendum to the Presentence Report states: *"The defendant has no unresolved objections to the presentence report or the application of the guidelines."* (R-60)

10. The United States filed a Notice of Essential Elements, Maximum Penalties, Personalization of Elements, and Factual Basis. (R-44) Count I is punishable by a maximum sentence of 20 years. (R-44, p. 2) Count II and III have minimum mandatory sentences of 10 years and a maximum sentence of life imprisonment. (R-44, p. 3)

11. The defense also wrote a Notice of Essential Elements, Maximum Penalties, Personalization of Elements, and Factual Basis. (R-46) Count I has a maximum sentence of 20 years. (R-46, p. 3) Counts Two and Three have minimum mandatory sentences of 10 years and a maximum sentence of life imprisonment. (R-46, p. 3)

12. In the case of United States v. Ricky Nelson Bynum, No. 24-11152 (11th Cir., 02/20/2025), In Bynum, the Eleventh Circuit stated: *"Summary disposition is appropriated either where time is of the essence, such as 'situations where important public policy issues are involved or those where rights delayed are rights denied'",* or where

*"the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where…the appeal is frivolous".* Groendyke Transp, Inc. v. Davis, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

13. The case of United States v. Bravo, 203 F.3d 778 (11th Cir. 2000), states that when a Motion for a Reduction of Sentence is filed, pursuant to 18 U.S.C. Section 3582(c)(2), the District Court must conduct a two step analysis. First, the District Court must recalculate the guideline range under the amended guideline. Second, the District Court must determine whether, in its discretion, it should reduce the Defendant's sentence considering the Section 3553(a) sentence factors and whether the Defendant poses a threat to the community. Bravo at 203 F.3d 781.

14. As to the first step under Bravo, recalculating the guideline is not even relevant because Mr. Plaza received the benefit, a two point offense level reduction, at the time of his sentencing.

15. As to the second step under Bravo, the Section 3553(a) sentencing factors were considered at sentencing, after Plaza already received the benefit of a two point offense level reduction, pursuant to

the 821 Amendment.

16. A District Court *"lacks jurisdiction to consider a [Section] 3583(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guideline sentencing range, when the defendant was sentenced on the basis of a mandatory minimum".* United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010).

17. *"A district court is not authorized to sentence a defendant below the statutory minimum unless the government files a substantial assistance motion pursuant to 18 U.S.C. [Section] 3553(e) or U.S.S.G. [Section] 5K1.1 or the defendant qualifies for safety-valve relief under [Section] 3553(f).* United States v. Hoffman, 710 F.3d 1228, 1233 n. 7 (11th Cir. 2013); see also, United States v. Castaing-Sosa, 530 F.3d 1358, 1360-61 (11th Cir. 2008).

18. Mr. Plaza did not sign a written plea agreement with the United States and apparently made no attempt to provide substantial assistance to the United States.

19. It appears that that Mr. Plaza would have been eligible for the safety valve if he participated in a debriefing with the United States where he would be would be required to answer basic questions

about his offense and his source for the illegal drugs, but not testify against anyone. Apparently, Mr. Plaza did not avail himself of the safety opportunity which existed for him in this case.

20. Undersigned counsel has generally explained the preceding issues to Mr. Plaza in writing and advised that it might be possible for him to still provide substantial assistance to the United States, if the United States is still interested.

21. Undersigned counsel will be furnishing a copy of this Memorandum of Law to Mr. Plaza.

22. Unfortunately for Mr. Plaza, as a matter of law, he is not entitled to the sentencing reduction he has requested and his Motion for an Amendment 821 sentence reduction is frivolous.

23. Undersigned counsel contacted Assistant U.S. Attorney Diane Hu and spoke with her about the Defendant's requested 821 Amendment sentence reduction. Assistant U.S. Attorney Diane, on behalf of the United States, stated that Mr. Plaza was not eligible for an 821 Amendment sentence reduction.

24. In the United States federal prisoner locator system, it states that Mr. Plaza's release date is March 24th, 2033. Mr. Plaza is currently incarcerated with the Coleman Low Federal Correctional Institution.

25. The defense will not be pursuing an 821 Amendment sentence reduction.

**WHEREFORE**, the defense requests that this Honorable Court issue an appropriate Order regarding the Defendant's Motion for an 821 Amendment Sentence Reduction.

Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the preceding document has been furnished, via the federal electronic filing system, to the Office of the U.S. Attorney, Assistant U.S. Attorney Diane Hu, Middle District of Florida, Orlando, Florida; and by UNITED STATES MAIL to the Defendant: LUIS MIGUEL PLAZA, Register Number 98862-510, FCI Coleman Law, Federal Correctional Institution, P.O. BOX 1031, Coleman, Florida 33521, on this 10th day of September, 2026.

**By: s/Joseph R. Johnson**
**Joseph R. Johnson, Esq.**
**Florida Bar No.: 0002290**
**JOSEPH R. JOHNSON, P.A.**
**P.O. BOX 798**
**Ocoee, FL 34761**
**Phone: (407) 889-5401**
**E-mail: JRJohnsonlaw@aol.com**